IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,     Cr. S-03-098 DFL

  v.                    O R D E R

IDOWU I. OLUKOYA,

     Defendant.

_____/

    Defendant Idowu I. Olukoya pleaded guilty to conspiracy to commit bank fraud, money laundering, and access device fraud.  He now moves to vacate, set aside, or correct his sentence under Section 2255.  Defendant argues that he is entitled to an order setting aside his conviction because both of his attorneys, Vicki Cody ("Cody") and Dwight M. Samuel ("Samuel"), rendered ineffective assistance.

    First, Olukoya claims that attorney Cody rendered ineffective assistance of counsel because she convinced him to disclose information to government agents, which he claims resulted in a superceding indictment.  The United States responds that the grand jury returned the superceding indictment on April 24, 2003, which was more than a month before petitioner disclosed

1  information to government agents on June 4, 2003.  Because the
2  superceding indictment occurred before Olukoya talked to the
3  government agents, the court DENIES defendant's claim for
4  ineffective assistance of counsel by Cody.

B. Samuel

Second, Olukoya argues that his other attorney, Dwight Samuel, rendered ineffective assistance because: (1) he failed to advise Olukoya that deportation was "an absolute certainty" following a guilty plea; (2) he failed to object to the application of Amendment 634 of the United States Sentencing Guidelines; and (3) he failed to advise Olukoya of his right to the assistance of the Nigerian consular under the Vienna Convention.

In order to establish ineffective assistance of counsel, defendant must show that his counsel's performance fell "below an objective standard of reasonableness" and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052 (1984).

1. Deportation

"Counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel." U.S. v. Fry, 322 F.3d 1198, (9th Cir. 2003).  Therefore, Samuel's alleged failing to warn Olukoya of the possibility of deportation

by pleading guilty is not ineffective assistance of counsel. Moreover, the court specifically advised defendant that he could be deported because of his plea of guilty.

### 2. Failure to Object to the Application of Amendment 634

Amendment 634 provides that counts of fraud and money laundering arising from the same conduct are to be grouped together into one count.  See U.S. v. Harmon, 409 F.3d 701, 709 n.2 (6th Cir. 2005).  Defendant fails to identify an error in grouping the money laundering and the underlying offense.

### 3. Assistance from the Nigerian Consular

"Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77 . . . requires law enforcement officials to notify arrested foreign nationals of their right to contact their consulates."  U.S. v. Rodriguez-Preciado, 399 F.3d 1118, 1130 (9th Cir. 2005).  Even if Samuel should have notified defendant of this right, Olukoya fails to show that but for this alleged error, the result of the proceeding would have been different.

For these reasons, the court DENIES defendant's ineffective assistance of counsel claims.

IT IS SO ORDERED.

Dated: 8/4/2006

_____
DAVID F. LEVI
United States District Judge